The document below is hereby signed.

Signed: June 30, 2009.



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| VENIX JOACHIM, SR., | ) | Case No. 09-00387 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION

The court directed the debtor to show cause why this case ought not be dismissed based on 11 U.S.C. § 109(h)(1). The debtor admits that his Exhibit D to the petition erroneously stated that he had obtained the credit counseling required by § 109(h)(1). He states that he misunderstood the requirement under § 109(h)(1), and that this is why he failed to obtain such counseling within 180 days of the commencement of his case. Section 109(h) does not permit the court to excuse a failure to comply with § 109(h)(1) based on a debtor's having misunderstood the requirement.

The debtor's Exhibit D did not invoke the exception of 11 U.S.C. § 109(h)(3) to the requirements of § 109(h)(1), but in his response to the order to show cause he states:

> I request permission to submit a certification that I
> endured exigent circumstances.  What are the exigent
> circumstances?  I requested credit counseling services,
> but did not received within 5 days of the request.  Is
> this satisfactory to the court?

The debtor was required to invoke § 109(h)(3) on Exhibit D if he wished to invoke that provision.  His Exhibit D and the balance of his response to the order to show cause show that the debtor thought that he indeed had obtained credit counseling, not that he had unsuccessfully requested credit counseling shortly before filing his case.  Moreover, he does not state any exigent circumstances, and instead seems to be asking what types of exigent circumstances could be invoked to justify an exception under § 109(h)(3).  To the extent that the response to the order to show cause is attempting to invoke § 109(h)(3), it fails to certify facts that are satisfactory to the court as required by § 109(h)(3)(iii), and thus the debtor has not shown that § 109(h)(3) applies.  The debtor's opportunity to invoke that provision was on Exhibit D, or, at the latest, in response to the order to show cause.

Because § 109(h)(1) barred the filing of this case, an order follows dismissing the case without barring the debtor from filing a new case.

```
                                        [Signed and dated above.]
```

Copies to:
Debtor; Chapter 7 Trustee; Office of United States Trustee.